NGUYEN, Circuit Judge,
dissenting in part:
Because I conclude that Galope failed to establish standing on her LIBOR-based claims, I respectfully dissent from the majority’s decision reversing these claims as to the Barclays Defendants. Galope does not allege that she suffered any loss due to the Barclays Defendants’ purported deceptive conduct, nor does she allege that ány loss is traceable to a misrepresentation related to the LIBOR-rate manipulation or to the LIBOR-rate manipulation itself. See, e.g., Hinojos v. Kohl’s Corp., 718 F.3d 1098, 1104 (9th Cir.2013) (concluding that the plaintiff adequately had alleged standing where, “because of the misrepresentation the consumer (allegedly) was made to part with more money than he or she otherwise would have been willing to expend” (quoting Kwikset Corp. v. Superior Court, 51 Cal.4th 310, 120 Cal.Rptr.3d 741, 757, 246 P.3d 877 (2011))); Mazza v. Am. Honda Motor Co., 666 F.3d 581, 594 (9th Cir.2012) (“To the extent that class members were relieved of their money by Honda’s deceptive conduct — as Plaintiffs allege — they have suffered an ‘injury in fact’ ” under Article III (citing Stearns v. Ticketmaster Corp., 655 F.3d 1013, 1021 (9th Cir.2011))); Maya v. Centex Corp., 658 F.3d 1060, 1070 (9th Cir.2011) (“To survive a motion to dismiss for lack of constitutional standing, plaintiffs must establish a Tine of causation’ between defendants’ action and their alleged harm that is more than ‘attenuated.’ ” (citing Allen v. Wright, 468 U.S. 737, 757, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984))). Indeed, as the majority concedes, Galope’s payments never were affected — she paid a fixed interest rate and defaulted before the allegedly manipulated LIBOR rate went into effect on her loan; she then was granted a loan modification with a (lower) fixed interest rate that likewise was unrelated to the LIBOR rate and defaulted again. Although Galope alleges that she would not have purchased the loan but for the Bar-clays Defendants’ alleged manipulation of the LIBOR rate, Galope alleges no loss from the alleged manipulation-or any related misrepresentation or omission. Therefore, Galope’s alleged injury is far too attenuated to establish Article III standing.[1]

. For the same reasons, Galope lacks statutory and antitrust standing. See, e.g., Rebel Oil *555 Co. v. ARCO, 51 F.3d 1421, 1433 (9th Cir.1995) (“To show antitrust injury, a plaintiff must prove that his loss flows from an anti-competitive aspect or effect of the defendant’s behavior, since it is inimical to the antitrust laws to award damages for losses stemming from acts that do not hurt competition.” (citation omitted)). The interest rates on Galope’s loan were unaffected by the Barclays Defendants’ anticompetitive behavior.